UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**MIGUEL CASIANO, JR.,**   Civil No. 05-362 (JRT/SRN)

      **Petitioner,**

  v.   **REPORT AND RECOMMENDATION**

**LISA J.W. HOLLINGSWORTH,**
**Warden, FCI-Sandstone,**

      **Respondent.**

___

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and on Petitioner's Motion to Compel (Doc. No. 8). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 (2000) and District of Minnesota Local Rule 72.1(a)(iii)(2). For the reasons discussed below, this Court recommends that Petitioner's petition be dismissed as moot, his motion to compel be denied as moot, and the entire action dismissed with prejudice.

On February 18, 2005, Petitioner, a federal prisoner (Register Number 49751-053) then housed at the Federal Correctional Institution in Sandstone, Minnesota (FCI-Sandstone), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (See Doc. No. 1 at 1-2, 7.) At the time he filed his petition, Petitioner's projected release date from prison was May 5, 2007, after application of accrued good time credit. (Doc. No. 1 at 3.) The petition challenges the determination of the Bureau of Prisons (BOP) that Petitioner was only entitled to a maximum of six months placement in a Community Correctional Center (CCC or half-way house). (Id. at 4.) Petitioner claims

he is entitled to the six months plus an additional "reasonable part of the last ten percent of his term of sentence (up to six months) under pre-release conditions." (Id. at 6.)

On March 9, 2005, Petitioner filed a "letter motion" in which he also claimed that his release date had been improperly calculated and that his proper release date was May 5, 2006, one year earlier than that determined by the BOP. (Doc. No. 4 at 2.) Petitioner submitted evidence in support of his charge that his release date was incorrect. (Id. Ex. A-2.) On March 11, 2005, the day after receiving this newly submitted evidence, the BOP agreed with Petitioner and informed him that his release date was May 5, 2006. (Doc. No. 5 at 3.) Petitioner no longer challenges the length or validity of his actual custody. Therefore, the only issue before the Court is Petitioner's challenge to the date upon which he is eligible for release to a half-way house.

On March 17, 2005, Respondent moved to dismiss the habeas petition. (Doc. No. 5.) In that response, the United States argued that no inmate was entitled to serve more than the last six months of their incarceration in a half-way house pursuant to 18 U.S.C. § 3624(c) (2000) except in extremely rare circumstances. (Id. at 5.) Respondent represented that the BOP had determined Petitioner eligible for a full six months and that Petitioner would be eligible for release to a half-way house on November 5, 2005. (Id. at 7.) Petitioner countered that he was entitled to be released to a half-way house prior to November 5, 2005. (Doc. No. 7 at 3.) Petitioner argued that he was eligible for release to a half-way house on July 6, 2005. (Id. at 4.) Therefore the Court finds that the crux of the dispute presented to the Court is whether Petitioner should have been released to a half-way house on July 6, 2005, as Petitioner claims, or November 5, 2005, as the BOP claims.

The Court takes judicial notice of the fact that the BOP maintains an official website (www.bop.gov) which enables the public to track the location of federal inmates via the use of the website's "Inmate Locator" page.  See Fed. Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Jan. 23, 2006).  By inputting Petitioner's register number (49751-053), the Court ascertained that Petitioner is no longer serving his sentence at FCI-Sandstone but has been transferred to a half-way house in or near Brooklyn, New York.  See id., http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=49751-053 (last visited Jan. 23, 2006).

The exercise of judicial authority requires the presence of a case or controversy. U.S. Const. art. III, § 2, cl. 1.  One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added).  The only exception to the redressibilty requirement is where "some concrete and continuing injury. . . some 'collateral consequence' of the conviction" is present.  Id.

The Court finds that, because Petitioner has been released to a half-way house, he has already received the relief he requested from the Court.  Thus, there is no longer a case or controversy to litigate, no concrete and continuing injury exists, and this case and the petition now before the Court must be dismissed as moot.  See e.g., Elwood v. Sanders, 152 Fed. Appx. 558, 558 (8th Cir. 2005) (per curiam) (dismissing habeas petition as moot because the petitioner' release to a CCC during the pendency of his appeal made it impossible for the court to grant the petitioner's requested relief that he

be released to a lower security prison prior to his release to a CCC); Chhibba v. Fed. Bureau of Prisons, No. 04-4728, 2005 WL 2662337, *1 (3d Cir. Oct. 19, 2005) (per curiam) ("Here, [the petitioner] sought relief in the form of placement at a CCC for the last six months of his sentence.  As noted previously, he is now in custody at a CCC.  Even if we were to render a decision in favor of [the petitioner], we can provide no redress for any injury he may have suffered.  In short, [the petitioner's] appeal has been rendered moot by his placement in a CCC, and we must dismiss it.") Hernandez v. Fed. Bureau of Prisons, Civ. No. 04-5200 (BBK), 2005 WL 3527252, at *2-*3 (D.N.J. Dec. 22, 2005) (noting that the petitioner's habeas claim which sought release to a half-way house on July 6, 2005 became moot when he was released to a half-way house on October 17, 2005, two months prior to the court's ruling); Griffith v. United States, Civ. No. 04-193C, 2005 WL 1413186, at *1-*2 (M.D. Ala. June 16, 2005) (finding that the petitioner's habeas claim which sought release to a half-way house became moot upon his release to a half-way house); Neal v. Van Buren, Civ. No. 04-315, 2004 WL 1778917, *1-*2 (N.D. Tex. Aug. 9, 2004) (Bleil, M.J.) (recommending denying as moot habeas claim where the petitioner sought transfer to a half-way house and was released to a half-way house on July 12, 2004), report and recommendation adopted, 2004 WL 1969846, *1 (N.D. Tex. Sept. 7, 2004) (Means, J.).

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED as MOOT** since a more favorable decision on the merits would not entitle Petitioner to any additional relief;

2. Petitioner's Motion to Compel (Doc. No. 8) be **DENIED as moot**; and

3. Petitioner's case be **DISMISSED WITH PREJUDICE**.


Dated: January 23, 2006

                                  s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States Magistrate Judge


Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 9, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.